UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL KESSLER,

                Plaintiff,

- v. -

KILOLO KIJAKAZI, COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

**ORDER**

20 Civ. 4229 (PGG) (SLC)

PAUL G. GARDEPHE, U.S.D.J.:

         In this action, Plaintiff Michael Kessler seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security[1] denying his application for disability insurance benefits.  (Cmplt. (Dkt. No. 1))  The parties have cross-moved for judgment on the pleadings.  (Dkt. Nos. 19, 21)  On June 7, 2021, this Court referred the parties' motions to Magistrate Judge Sarah L. Cave for a Report and Recommendation ("R & R").  (Am. Order of Reference (Dkt. No. 25))

         On November 1, 2021, Judge Cave issued a 39-page R & R, recommending that (1) Plaintiff's motion for judgment on the pleadings be granted to the extent that Plaintiff seeks a remand for further administrative proceedings; and (2) Defendant's motion for judgment on the pleadings be denied.  (R & R (Dkt. No. 26))

         In her R & R, Judge Cave notified the parties that they had fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security.  Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi as the Defendant "Commissioner of Social Security."

the Federal Rules of Civil Procedure. (Id. at 38-39) The R & R further states that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**." (Id. at 39) Neither side has filed objections to the R & R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

Kessler argues that the Administrative Law Judge ("ALJ") erred in finding that he was not disabled. According to Kessler,

> the [ALJ's] Decision is not supported by substantial evidence because the Commissioner did not properly evaluate his residual functional capacity ("RFC"),

   improperly weighed the medical evidence, failed to accord sufficient deference to
   the opinions of his treating physicians, inadequately considered his subjective
   complaints and credibility, and failed to develop the record.

(R & R (Dkt. No. 26) at 2-3)

    Judge Cave finds that the ALJ did not sufficiently develop the record in determining Kessler's ability to work.  As an initial matter, Judge Cave notes that the ALJ never addressed whether Kessler's chronic sinusitis qualified as a listed impairment under Listing § 14.07A.  (Id. at 28-31)  Judge Cave further concludes that the ALJ did not consider whether Kessler's "high degree of absenteeism" could be "an outcome determinative issue, in light of the [vocational expert's] testimony" "that twelve or more annual absences would prevent employment in any capacity."  (Id. at 32, 35)

    Judge Cave recommends a remand, given "the ALJ's failure at step three (or anywhere in the Decision) to address the Listing concerning sinusitis (Listing § 14.07A)[,] as well as the ALJ's failure to develop the record concerning the number of Mr. Kessler's sick days . . . in determining that he was not disabled."  (Id. at 25)

    This Court has reviewed Judge Cave's well-reasoned R & R and is satisfied that "there is no clear error on the face of the record."  Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

## **CONCLUSION**

    Judge Cave's R & R (Dkt. No. 26) is adopted in its entirety.  Plaintiff's motion for judgment on the pleadings is granted to the extent that this case is remanded for further administrative proceedings.  Defendant's motion for judgment on the pleadings is denied.  The Clerk of Court is respectfully directed to terminate the motions (Dkt. Nos. 19, 21) and to remand this case to the Commissioner of Social Security for further proceedings.

Because the parties did not object to the R & R adopted herein, appellate review of this Order is precluded. See, e.g., Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988).

Dated: New York, New York
February 21, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge